**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (at Cincinnati)**

| | |
|---|---|
| **FRIEDA AARON** ) | |
| 8515 Breezewood Court, #103 ) | **CASE NO. 1:18-cv-00631-DRC** |
| Cincinnati, OH 45203 ) | |
| ) | **Judge Douglas R. Cole** |
| **Plaintiff** ) | |
| ) | |
| v. ) | **SECOND AMENDED COMPLAINT** |
| ) | **OF PLAINTIFF FRIEDA AARON WITH** |
| ) | **JURY TRIAL DEMAND ENDORSED** |
| **ANTHEM BLUE CROSS BLUE SHIELD**) | **HEREON** |
| **d/b/a Blue Cross and Blue Shield** ) | |
| **of Ohio,** ) | |
| **220 Virginia Avenue** ) | |
| **Indianapolis, IN 46204** ) | |
| ) | |
| **Defendant** ) | |

Plaintiff Frieda Aaron, by and through counsel, for her *Second Amended Complaint with Jury Trial Demand Endorsed Hereon* (the "Complaint") against defendant Anthem Blue Cross Blue Shield, an Indiana corporation, d/b/a Blue Cross and Blue Shield of Ohio ("BCBS" or the "Defendant"), pursuant to the Court's *Opinion and Order*, entered herein on July 19, 2022 (Doc.#368), states and alleges as follows:

## INTRODUCTION

This lawsuit is to hold Defendant medical insurance company accountable for approving and funding a fraudulent, unnecessary and/or experimental surgery on its insured, the Plaintiff.

Defendant knew or should have known that Abubakar Atiq Durrani, M.D. ("Dr. Durrani"), a renegade orthopaedic spine surgeon, was wrongfully performing fraudulent, unnecessary and/or experimental surgeries on its insureds and had an obligation and duty to NOT approve the surgery that Plaintiff underwent with Dr. Durrani at West Chester Hospital.

Dr. Durrani, who had contract(s) with Defendant, regularly used Infuse/BMP-2 ("BMP-2") wrongfully or unlawfully, which is NON-FDA APPROVED and experimental.

Dr. Durrani, who had contract(s) with Defendant, also regularly used PureGen wrongfully and unlawfully, which is NON-FDA APPROVED and experimental.

## PARTIES

1. Plaintiff is a natural individual who is a citizen of the State of Ohio and of the United states, residing at 8515 Breezewood Court, #103, Cincinnati, Ohio 45203.

2. Defendant is an Indiana corporation or other entity doing business in Ohio as Blue Cross and Blue Shield of Ohio, with its principal place of business located at 220 Virginia Avenue, Indianapolis, Indiana 46204. It is engaged in the business of selling policies of medical insurance to its customers/policy holders residing within Ohio and elsewhere.

## JURISDICTION AND VENUE

3. This is a claim by Plaintiff against her medical insurance carrier for approving and funding a fraudulent, unnecessary, or experimental spine surgery by Dr. Durrani in Ohio that Defendant knew or should have known should have never been approved, let alone funded.

4. Plaintiff entered into a medical insurance contract with the Defendant in Ohio. Plaintiff does not presently have copies of her contract of medical insurance with Defendant.

5. This cause of action is a good faith attempt to modify or expand existing law.

6. There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy between Plaintiff and Defendant exceeds the sum of $75,000.00, exclusive of interest and costs. Consequently, this Court has subject matter jurisdiction over Plaintiff's claims and causes of action against Defendant pursuant to the federal diversity of citizenship statute, 28 U.S.C. §1332(a).

7. This Court has *in personam* jurisdiction over Defendant.

8. Venue of this action in this Court is based upon 28 U.S.C. §1391(b) and other applicable law.

## **FACTUAL ALLEGATIONS**

9. At all relevant times, Defendant had contractual, legal, and/or fiduciary duties to only approve and fund proposed surgeries that were medically necessary and to only approve implants, devices, and medical items for implantation into the patients that were used consistent with federal and state law, regulations, and the standard of care. Therefore, Defendant was required to REFUSE to approve any fraudulent, unnecessary, or experimental surgery and the use of BMP-2 and PureGen that it knew was being improperly used by Dr. Durrani and the hospital where he operated. This refusal includes the surgery proposed to be performed upon Plaintiff.

10. Said use of BMP-2 and PureGen was experimental, prohibited by federal law and regulation, the standard of care, and was medically unnecessary.

11. Nevertheless, Defendant knew and approved of these procedures, leaving Plaintiff with outstanding medical bills, medical liens and damages from the unnecessary surgery and improper use of BMP-2 and PureGen. When the Plaintiff began reasonably filing lawsuits against Durrani and the hospitals, Defendant asserted or filed medical liens against Plaintiff to seize her recovery.

12. Also, as a direct and proximate result of actions committed by the Defendant upon Plaintiff, Plaintiff sustained financial loss, have medical liens wrongly filed against her, severe personal injuries, pain and suffering, disfigurement, lost wages, future medical expenses, all forms of economic and noneconomic damages, all in excess of $75,000.00 exclusive of interest and costs, and all damages requested in the Prayer for Relief section of this Complaint.

13. Plaintiff Frieda Aaron had a spine surgery with Dr. Durrani at West Chester Medical Center on 8/28/2009 under Anthem Blue Cross Blue Shield # YRP998M63071.

14. Plaintiff had the unnecessary spine surgery pre-approved by Defendant. The spine surgery was unnecessary, nonindicated, not within the standard of care, and performed in violation of state and federal law and regulations, and using implants and devices, including but limited to BMP-2 and PureGen in violation of state and federal law and regulations.

15. Defendant knew or should have known said medical procedures and use of implants and devices were unnecessary, nonindicated, not within the standard of care, contraindicated, and in violation of federal law and regulations.

## CAUSES OF ACTION

### Count I – Breach of Contract

16. Plaintiff re-alleges and incorporates by reference as if fully rewritten the previous paragraphs of this Complaint.

17. Plaintiff had a written contract for medical insurance benefits with Defendant as described in prior paragraphs of this Complaint. The contract required Defendant to approve and approve for payment and to pay for only those surgeries, treatments, implants and devices that it knew were necessary, indicated, within the standard of care, and not in violation of federal law and regulations.

18. As set forth above, Defendant breached those contracts by approving and approving for payment in Ohio a surgery, treatments, and use of implants and other devices for Plaintiff that were not indicated, were unnecessary, and were contraindicated, not within the standard of care and violated federal law and regulations.

4

19. As a direct and proximate result of said breach, Plaintiff has and will continue to sustain damages, including but not limited to being forced to pay medical bills for treatments the Defendant should not have approved and being forced to pay medical liens filed on her recoveries and potential recoveries to cover the same medical bills. Defendant breached its duties to Plaintiff and should not be in a position to benefit financially from breaching those duties.

20. Also, as a direct and proximate result of actions in violation of the fiduciary duties by Defendant upon Plaintiff, Plaintiff sustained all damages requested in the prayer for relief in excess of the sum of $75,000.00, exclusive of interest and costs.

### Count II – Negligence

21. Plaintiff re-alleges and incorporates by reference as if fully rewritten the previous paragraphs of this Complaint.

22. Defendant owed a duty to Plaintiff, who it insured, to only approve and approve for payment surgeries, treatments, implants and devices that it knew to be necessary, indicated, within the standard of care and not in violation of federal law and regulations.

23. Nevertheless, Defendant breached said duty owed to Plaintiff by approving and approving for payment in Ohio a surgery, treatments, implants and devices that it knew or should have known were fraudulent, unnecessary, non-indicated, experimental, not within the standard of care and in violation of federal law and regulations.

24. As a direct and proximate result of Defendant's breach of duties owed to Plaintiff, Plaintiff has and will continue to sustain damages, including but not limited to being forced to pay medical bills for treatments Defendant should not have approved and being forced to pay medical liens filed on her recoveries and potential recoveries to cover the same medical bills.

Defendant breached its duties to Plaintiff and should not be in a position to benefit financially from breaching those duties.

25. Also, as a direct and proximate result of actions in violation of the fiduciary duties by the Defendant upon Plaintiff, Plaintiff sustained all damages requested in the prayer for relief in excess of the sum of $75,000.00, exclusive of interest and costs.

### Count III – Constructive Fraud

26. Plaintiff re-alleges and incorporates by reference as if fully rewritten the previous paragraphs of this Complaint.

27. Defendant, by and through its medical directors and staff, committed constructive fraud by misrepresenting material facts to Plaintiff: that the surgery, treatments, implants, and devices to be performed and implanted by Dr. Durrani and the hospital where he had privileges, were necessary, indicated, within the standard of care, and not in violation of federal law and regulations, when in fact the opposite was true.

28. The said surgery, treatments, implants and devices were fraudulent, unnecessary, non-indicated, experimental, not within the standard of care and the use and implementation thereof violated federal law and regulations. The individual misrepresentations were made shortly before Plaintiff's surgery, which said date is fully known by Defendant.

29. Defendant owed legal and/or equitable duties to not misrepresent and/or conceal said material facts because Defendant is health insurance company licensed and regulated by state and federal authorities to obtain confidential health information regarding the Plaintiff and, in return for receiving billions of dollars from insured individuals such as the Plaintiff, agreed to review medical histories, diagnoses, prognoses, federal and state law and regulations, and other confidential information to make critical decisions regarding Plaintiff's medical care, and

6

financing of medical care. Therefore, it is foreseeable and reasonable for the communities where Defendant sells medical insurance, to trust Defendant and its medical directors and staff to be competent and ethical and to provide truthful information to Plaintiff.

30. The relationship between Plaintiff and Defendant was confidential and based upon trust, moreover, the Defendant owed Plaintiff a fiduciary duty. *See, e.g., Crnic v. Am. Republic Ins. Co.*, 2007-Ohio-5439 ("the relationship between an insurance company and an applicant for health insurance is one of trust"); and *Buemi v. Mutual of Omaha Ins. Co.*, 37 Ohio App.3d 113, 524 N.E.2d 183 (1987) ("the relationship between the insurer and the insured is fiduciary in nature and requires the parties to use the utmost good faith in their dealings"; "a cause of action for constructive fraud, which, under Kentucky law, is tantamount to a claim for fraud without the element of intent."); *Knight v. Stewart Title*, 07-87-DLB (E.D. Ky. 2014); *Wood v. Kirby*, 566 S.W.2d 751, 755 (Ky. 1978): "Constructive fraud arises through some breach of a legal duty which, irrespective of moral guilt, the law would pronounce fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests." *Scott v. Boder, Inc.*, 571 N.E.2d 313 (Ind. App. 1991); *Mullen v. Cogdell*, 643 N.E.2d 390 (Ind. App. 1994).

31. The breach of these duties owed to the Plaintiff is fraudulent based on state and federal law. The duties owed to Plaintiff are based upon the special confidence and trust reposed in the fidelity and integrity of the Defendant, which is clearly in a superior position with influence over Plaintiff based on its position as a medical insurance company who owe a fiduciary duty. Defendant hold itself out to the community, including Plaintiff, through advertising, lobbying, associations with Plaintiff's employers, and networking, as institutions who are to be trusted with the most important decisions a person can make: matters of life and death.

32. The misrepresentations and concealments of facts complained of are material. Plaintiff justifiably relied upon Defendant's constructive fraud because Defendant held itself out as a large, well-managed medical insurance carrier that could be trusted by Plaintiff.

33. As a direct and proximate result of the constructive fraud upon Plaintiff by Defendant, Plaintiff has and will continue to sustain damages, including but not limited to being forced to pay medical bills for treatments the Defendant should not have approved and being forced to pay medical liens filed on her recoveries and potential recoveries to cover the same medical bills. Defendant breached its duties to Plaintiff and should not be in a position to benefit financially from breaching those duties.

34. Also, as a direct and proximate result of actions in violation of the fiduciary duty by the Defendant upon Plaintiff, Plaintiff sustained all damages requested in the prayer for relief in excess of the sum of $75,000.00, exclusive of interest and costs.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Frieda Aaron demands all relief to which she is entitled against Defendant, an amount in excess of the sum of $75,000.00, exclusive of interest and costs, including waiver or release of all healthcare liens created by its approval of the unnecessary surgery described herein, and including but not limited to the following:

1. Past medical bills;
2. Future medical bills;
3. Lost income and benefits;
4. Lost future income and benefits;

5. Loss of ability to earn income;

6. Past pain and suffering;

7. Future pain and suffering;

8. Plaintiff seeking a finding that the injuries are catastrophic under R.C. 2315.18;

10. All incidental costs and expenses incurred as a result of the injuries;

11. The damages to Plaintiff's credit as a result of the injuries;

12. Punitive damages;

13. Costs;

14. Attorneys' fees;

15. Interest;

16. All property loss;

17. Trial by jury on all issues so triable; and

17. All other relief to which Plaintiff is entitled.

    Respectfully submitted,

    /s/Benjamin M. Maraan II
    Benjamin M. Maraan II (#0053661)
    5247 Madison Pike
    Independence, KY 41051
    513-729-1999
    513-381-4084 (fax)
    bmaraanlaw@yahoo.com

    /s/ Robert A. Winter, Jr.
    Robert A. Winter, Jr. (#0038673)
    P.O. Box 175883
    Fort Mitchell, KY 41017-5883
    (859) 250-3337
    robertawinterjr@gmail.com

*Counsel for Plaintiff Frieda Aaron*

## **CERTIFICATE OF SERVICE**

      Pursuant to Fed. R. Civ. P. 5(d) and other applicable law, I certify that on August 18, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record who are deemed to have consented to electronic service.

                                                  /s/ Robert A. Winter, Jr.
                                                  Robert A. Winter, Jr.